UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                                      Case No.: 15-54964
                                                            Chapter 13
    CHRISTINE PELTIER,                   Hon. Walter Shapero

        Debtor.
_____/

## OPINION GRANTING DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

Debtor has moved to extend the stay, pursuant to 11 U.S.C. § 362(c)(3), the principal response to which, asserted by Debtor's realty mortgage creditor, is that the Debtor has failed to overcome the statutory presumption of bad faith by the required clear and convincing evidence. Specifically, the Creditor's position is that Debtor's income and expenses are such that she cannot confirm a Chapter 13 plan, given the required monthly payment on the mortgage, plus the amount required to be paid on the arrearage as calculated on any likely basis. The indicated monthly mortgage payment is an undisputed $731.00. Creditor's proof of claim puts the arrearages at some $35,697.00, whereas Debtor argues it should be around $27,000.00. Taking the higher figure, if a 36 month cure period is allowed, the monthly arrearage payment would be about $1,000.00 per month. If the cure period was 60 months, that monthly arrearage payment would be approximately $600.00. Taking Debtor's lower total arrearage figure, the monthly payments would be $750.00 and $450.00, respectively. The Court held an evidentiary hearing followed by a required filing by Debtor of amended Schedules I and J.

Schedule I credibly shows monthly income of $2,523.00, and expenses of $1,628.00, including the monthly mortgage payment of $731.00.

1

The proper test to be applied in these situations is a totality of circumstances inquiry with the ability of the Debtor to fund and perform under a Chapter 13 plan being the primary consideration. *See In re Reidy*, 517 B.R. 88 (Bankr. W.D. Mich 2014).

Debtor is a pro se debtor in both this and her prior case. That prior case was filed on April 10, 2015, dismissed, and then reopened, and finally dismissed on August 31, 2015, by reason of a poor payment history. During the course of that case, Debtor submitted a proposed plan on August 20, 2015, stating a mortgage arrearage of $28,574.28, and proposing a cure of 60 months, resulting in estimated monthly payment of $250.00 (which does not seem to be arithmetically correct). The mortgage creditor had filed a claim on August 8, 2015, stating the amount of the arrearage to be that same $28, 574.28. Debtor has a nine year old dependent child, and apparently has been living in the home for some time and works as a waitress, apparently having recently gone from something less than full time to now full time at the same place she was employed during the prior case. Her affidavit in support of her Motion, not contravened by any other evidence, indicates that the previous case was dismissed because she had to pay for substantial car repairs and she also had medical issues creating an inability to work full time, and that her financial and personal affairs have now been substantially resolved. Furthermore, utilizing as is proper, at least for purposes of this particular Motion, the indicated arrearage number used by Debtor in her proposed amended plan in her prior case (which as noted was the same amount then set forth by the Creditor) and using the said 60 months, properly calculated, that monthly figure would be some $450.00. Given Debtor's above indicated monthly income of $2,523.00, and expenses including the monthly mortgage payment of $1,628.00 (there thus being room for an even higher mortgage arrearage cure figure if calculated on a smaller cure period basis), it cannot be here and now concluded that Debtor might not be able to

2

15-54964-wsd    Doc 47    Filed 12/11/15    Entered 12/11/15 11:40:31    Page 2 of 3

fund and perform under a plan. That plus the other noted facts, in the context of a totality of circumstances inquiry, on balance favor the Debtor. This Court concludes by virtue of the foregoing that Debtor has thus carried her burden of presenting the necessary clear and convincing evidence rebutting the presumption. This Debtor should at least be afforded the opportunity to propose and confirm a plan. Accordingly, the Motion to Extend the Automatic Stay is granted and the Court is contemporaneously entering an Order to that effect.

**Signed on December 11, 2015**

                                             **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**